

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

June 7, 2019

**Via ECF**

Honorable Allyne R. Ross, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  <u>*Sarr v. BEF Foods, Inc.*, Case No. 1:18-cv-6409 ARR-RLM</u>

Dear Judge Ross:

  This firm represents BEF Foods, Inc. ("BEF Foods"), the defendant in this action. We write to request a pre-motion conference regarding BEF Foods' intended motion to dismiss the Complaint (Dkt. 1) under Rule 12(b)(6) and, in the alternative, to strike allegations under Rule 12(f).

**I. Motion to Dismiss for Failure to State a Claim on which Relief Can Be Granted**

  A. <u>The Claim "Made with Real Butter" Is Not Deceptive as a Matter of Law</u>

  Defendant BEF Foods produces heat-and-serve mashed potato products as part of its Bob Evans® product line. The Bob Evans packaging truthfully and accurately states that the mashed potatoes are "made with real butter," and the FDA-mandated list of ingredients truthfully and accurately discloses that the products also contain vegetable oils, among other ingredients. Sarr's central allegation is that BEF Foods, by stating that the products are "made with real butter," also makes an implied claim that the products contain no other "lipids." This allegation fails as a matter of law because no reasonable consumer would believe that, just because a product contains one ingredient, it must not also contain a different ingredient, especially when that ingredient is listed in the ingredient statement.

  To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). In so doing, courts take into account the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the packaging. *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016). Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive a reasonable consumer. *See, e.g., Chen v. Dunkin'*

Honorable Allyne R. Ross, U.S.D.J.
June 7, 2019
Page 2

*Brands, Inc.*, No. 17-cv-3808-CBA-RER (E.D.N.Y. Sept. 17, 2018) (Dkt. 23, Order on Motion to Dismiss) (reasonable consumer would not understand "Angus steak" sandwich to contain an intact piece of Angus cattle meat); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where the table count was clearly disclosed on the bottle).

Sarr's Complaint should be dismissed on the basis that no reasonable consumer would interpret the "made with real butter" claim on the Bob Evans product as an implied "made with no other lipids" claim. The truthful highlighting of one ingredient does not reasonably imply the absence of a different ingredient, especially when all ingredients are properly disclosed in the ingredient statement. Sarr's allegations about home cooking practices and internet recipes ignore the context of a consumer purchasing a ready-to-eat potato product, and provide no information relevant to a reasonable consumer acting reasonably under those circumstances.

  B. <u>The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations</u>

Sarr's fraud claim should be dismissed because Sarr has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that BEF Foods either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Sarr's general and conclusory allegation that BEF Foods intended "to take advantage of consumers' common expectations" does not meet this standard, especially given that no affirmative false ingredient claims are alleged and that vegetable oils are clearly disclosed as ingredients.

Sarr's negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

Sarr's claim for breach of implied warranty of merchantability must be dismissed because Sarr does not allege that he purchased Bob Evans mashed potatoes directly from BEF Foods or suffered any personal injury. Absent privity of contract between Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained except to recover for personal injuries. *See Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). The economic injuries alleged by Sarr are not "personal injuries." *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See*

Honorable Allyne R. Ross, U.S.D.J.
June 7, 2019
Page 3

*Weisblum*, 88 F. Supp. 3d at 296-97 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

    Respectfully submitted,

    August T. Horvath

B4871635.1