

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

July 15, 2019

**Via ECF**

Honorable Allyne R. Ross, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Sarr v. BEF Foods, Inc.*, Case No. 1:18-cv-6409 ARR-RLM

Dear Judge Ross:

This firm represents BEF Foods, Inc. ("BEF Foods"), the defendant in this action. We write to request a pre-motion conference regarding BEF Foods' intended motion to dismiss the Amended Complaint (Dkt. 10) under Rule 12(b) and, in the alternative, to strike allegations under Rule 12(f).

      A.    <u>The Claim "Made with Real Butter" Is Not Deceptive as a Matter of Law</u>

Defendant BEF Foods produces heat-and-serve mashed potato products as part of its Bob Evans® product line. The Bob Evans packaging truthfully and accurately states that the mashed potatoes are "made with real butter," and the FDA-mandated list of ingredients truthfully and accurately discloses that the products also contain vegetable oils, among other ingredients. Sarr's original allegation was that BEF Foods, by stating that the products are "made with real butter," also makes an implied claim that the products contain no other "lipids." This allegation fails as a matter of law because no reasonable consumer would believe that, just because a product contains one ingredient, it must not also contain a different ingredient, especially when that ingredient is listed in the ingredient statement.

In the Amended Complaint, Sarr introduces at least five new theories: (1) that the visual depiction of a "pat" of butter on the product packaging implies the presence of a specific amount of butter (Dkt. 10 ¶¶ 67-70); (2) that the claim "made with fresh potatoes" implies that what are obviously pre-cooked, packaged, refrigerated mashed potatoes are, in fact, raw, uncooked potatoes (¶ 72) and/or are prepared just before the consumer buys them (¶ 80); (3) that the word "real" is interpreted by consumers to mean the same thing as "fresh" (¶¶ 87-91); (4) that the ingredient statement on the product is misleading as to the relative proportion of butter and vegetable oils (¶¶ 94-110); and (5) that the disclosure of natural flavor "likely" conceals the presence of some ingredient imitating butter flavor, even though there is no express or implied claim that the natural flavor has anything to do with the taste of butter (¶¶ 111-115). None of these theories posits a plausible interpretation by a reasonable consumer of BEF Foods' packaging and label statements.

Honorable Allyne R. Ross, U.S.D.J.
July 15, 2019
Page 2

To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). In so doing, courts take into account the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the packaging. *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016). A recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive a reasonable consumer. *See, e.g., Chen v. Dunkin' Brands, Inc.*, No. 17-cv-3808-CBA-RER (E.D.N.Y. Sept. 17, 2018) (Dkt. 23, Order on Motion to Dismiss) (reasonable consumer would not understand "Angus steak" sandwich to contain an intact piece of Angus cattle meat); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where the table count was clearly disclosed on the bottle). Sarr's Complaint should be dismissed on the basis that no reasonable consumer would interpret any of BEF Foods' packaging representations in the way Plaintiff contends.

      B.      <u>The Court Has No Personal Jurisdiction over the Newly Added Out-of-State Plaintiffs and Should Dismiss Their Claims</u>

Sarr's Amended Complaint adds eleven new out-of-state Plaintiffs in twelve new U.S. Districts seeking relief under the state deceptive-practices and common laws of ten new states. Dkt. 10 ¶¶ 136-147. Plaintiffs now purport to represent a nationwide class or subclasses under no less than 47 state statutes listed in ¶ 163, all but one of them outside of New York. No representative plaintiff is identified for 39 of the states in which violations are alleged. *Id.* ¶ 148. Defendant BEF Foods is conceded to be located in Ohio. *Id.* ¶ 150. No connection between the injuries of the out-of-state Plaintiffs and this State or District is alleged.

Under the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), a New York court would lack personal jurisdiction over BEF Foods as to claims brought on behalf of plaintiffs who are neither New York residents nor suffered their alleged injuries in New York. Courts in this District have ruled that the logic of *Bristol-Myers* applies also to U.S. District Courts adjudicating class actions brought under state laws. *In re Dental Supplies Antitrust Litig.*, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sep. 20, 2017) (dismissing class action for failure to allege a direct connection between the forum and the specific claims); *Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590 (NGG) (JO), 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018) ("the court lacks general personal jurisdiction over Defendant to adjudicate the claims of the out-of-state class members because New York is not the state where Defendant's principal place of business is located nor is it where Defendant is incorporated").

Honorable Allyne R. Ross, U.S.D.J.
July 15, 2019
Page 3

      C.    <u>No Facts Regarding the Representative Plaintiffs Are Pled</u>

The Amended Complaint now contains at least six completely different theories of alleged deception, some of which are inconsistent. A consumer cannot simultaneously be misled to think that the products contain only butter and no vegetable oils (which would require not reading the ingredient statement) *and* misled by the ingredient statement as to the relative proportions of butter and vegetable oils, or the nature of "natural flavors." Therefore not all of the named Plaintiffs, nor the purported class members, can have been misled in the same way. Because plaintiffs and class members cannot recover if they were not deceived, each of Plaintiff's theories effectively creates a sub-class. The Amended Complaint lacks even the barest allegations as to which products were purchased and to how each named Plaintiff was injured, as would be necessary to establish standing for each named Plaintiff as an individual plaintiff, and thus fails to satisfy Fed. R. Civ. P. 8 because BEF Foods has no way to know which named Plaintiff, if any, represents class members allegedly deceived by each different alleged packaging element or theory of deception.

      D.    <u>The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Necessary Factual Allegations</u>

Sarr's fraud claim should be dismissed because Sarr has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that BEF Foods either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Sarr's negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996). Sarr's claim for breach of implied warranty of merchantability must be dismissed because Sarr does not allege that he purchased Bob Evans mashed potatoes directly from BEF Foods or suffered any personal injury. *See Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Weisblum*, 88 F. Supp. 3d at 296-97; *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

      Respectfully submitted,

      *[signature]*
      August T. Horvath