Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

July 18, 2019

District Judge Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  1:18-cv-06409-ARR-RLM
     Sarr v. BEF Foods, Inc.

Dear District Judge Ross:

This office represents the plaintiff in the above action. On July 15, 2019, defendant's letter requested a pre-motion conference prior to moving to dismiss and/or strike allegations of the First Amended Complaint ("FAC"). Fed. R. Civ. P. 12(b)(1), (b)(6), (f). ECF Nos. 10-11. In accordance with your Honor's Individual Practices and Rules ("Individual Rules"), plaintiff's letter response is filed "within seven (7) business days from service of the pre-motion letter." Section III (A).

**I. Defendant's Argument Lacks More Than Conclusory Statements**

On a Rule 12(b)(6) motion to dismiss, the Court must determine that the complaint pleads "enough facts to state a claim to relief that is plausible on its face," such that the Court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dixon v. Fishkill Corr.*, No. 17-cv-1123 (S.D.N.Y. July 2, 2019) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This framework is even more applicable when the *moving* party offers the conclusory statements. ECF No. 11 at 1-2 ("None" of the theories of the FAC "posits a plausible interpretation by a reasonable consumer of BEF Foods' packaging and label statements," and "no reasonable consumer would interpret any of BEF Foods' packaging representations in the way Plaintiff contends." This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**II. The FAC Lays Out Why the Representation of Butter in Mashed Potatoes is Misleading**

A. REASONABLE THAT EMPHASIS ON BUTTER IMPLIES OTHER ATTRIBUTES

Defendant's incorrectly argues it is implausible "that, just because a product contains one ingredient [butter], it must not also contain a different ingredient [vegetable oil butter alternatives], especially when that ingredient is listed in the ingredient statement." ECF No. 11 at 2. Courts often conclude that one statement corresponds with or implies an additional, unstated fact. *Briseno v. ConAgra Foods, Inc.*, No. 15-cv-55727, 2017 WL 53421 (9th Cir. Jan. 3, 2017) (rejecting defendant's claim that a reasonable consumer would not consider the "100% Natural" label material and understand it to mean GMO-free"); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-

1

5029, 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) ("It is not unreasonable as a matter of law to expect that a product labeled 'natural' or 'all natural' contains only natural ingredients.").

The FAC describes *why* the presence of butter is relevant to other ingredients in the Products. FAC 17 ("When consumers eat mashed potatoes, they are typically prepared or consumed with fats and oils, like butter *or* vegetable oils"), 20 ("Consumers prefer butter (and dairy spreads) which do not include vegetable oils because…"), 21 ("choosing butter *or* vegetable oil ingredients").

These well-pleaded facts are sufficient to withstand defendant's motion because they provide "further factual enhancement" in support of plaintiffs' causes of action, so that the Court is presented with more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Matkal LLC v. VG Rush Corp.*, No. 18-cv-2833 (E.D.N.Y. Apr. 18, 2019) quoting *Iqbal*, 556 U.S. at 678.

### B. CONTEXT OF BUTTER IN THESE TYPES OF PRODUCTS IS RELEVANT

Second, defendant's argument – one ingredient does not imply anything related to other ingredients – requires overlooking the "entire mosaic [is viewed] rather than each tile separately," contrary to requirements of various consumer protection laws. *Belfiore v. Procter & Gamble Co.*, No. 14-cv-4090, 311 F.R.D. 29, 38, 2015 WL 5781541, at *35 (E.D.N.Y. Oct. 5, 2015); *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ( "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.").

On this point, the FAC "provide[d] the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ExpertConnect, LLC v. Fowler*, No. 18-cv4828 (S.D.N.Y. July 10, 2019); FAC, Section II ("Reasonable Consumers do not Eat Butter and Vegetable Oil-Based Spreads Together").

This support included common-sense experience, when "consumers consume butter *and* vegetable oils, this would only be done in separate foods (i.e., butter for baking muffins, vegetable oil for latkes or vegetables)", ¶ 53, anecdotal and cultural support, ¶ 63, analysis of consumer food preparation patterns, ¶¶ 58-59 and scientific studies on the preferences of consumers for butter and its alternatives among consumers. ¶¶ 64-65.

### III. Theories in FAC are Consistent, but Pleading in Alternative Expressly Permitted

Defendant claims the FAC is not viable because some of the "six completely different theories of alleged deception" are "inconsistent." ECF No. 11 at 3 ("A consumer cannot simultaneously be misled to think that the products contain only butter and no vegetable oils (which would require not reading the ingredient statement) *and* misled by the ingredient statement as to the relative proportions of butter and vegetable oils, or the nature of 'natural flavors.'").

Defendant's broad assertion is mistaken. First, "even if the theories are inconsistent, Federal Rule of Civil Procedure 8(e)(2) permits pleading inconsistent theories in the alternative." *Kruse v. Wells Fargo Home Mortg., Inc.*, 383 F.3d 49, 55 at fn3 (2d Cir. 2004). Second, the FAC does not claim that "natural flavors" *on the ingredient list* deceives consumers. ECF No. 11 at 3.

Rather, the "natural flavors" argument is that even though this "provides a flavor 'in semblance of butter,' it is misleading to fail to declare the flavoring as part of the name of the food." FAC 113. "As part of the name of the food" is a reference to the requirement that "natural flavors" appear on the front label *with* the butter claims. Therefore, the FAC does not assume that consumers are deceived by the front label *and* ingredient list.

### IV. FAC Plausibly Alleges the "Fresh," Warranty and Fraud Claims

The FAC detailed *how* "fresh" is used, ¶ 79 ("'Fresh' refrigerated mashed potatoes exist, sold in grocery stores which sell the defendant's Products, in close proximity."), *how* it is misleading, ¶ 74 ("erroneous consumer beliefs") and *why* the Products are not fresh, ¶ 77 ("artificial preservatives").

The warranty claims are adequately pled based on the "special relationship" of consumers with defendant. Defendant bears the name of the highly respected Bob Evans Restaurants, known by consumers across of America as purveyors of hearty, fresh, quality fare, such that it is reasonable for them to expect the same attributes from products bearing this name. FAC ¶ 176.

The elements of fraud (by omission) are satisfied because defendant "acted with at least a reckless disregard of a known or obvious duty to disclose" or investigate the readily available data on consumer beliefs. *Plumbers & Steamfitters Local 137 Pension Fund v. American Express Co.*, No. 15-cv-5999, 2017 WL 4403314, at *4 (S.D.N.Y. Sept. 30, 2017); FAC ¶ 196.

### V. Analysis of Bristol-Myers Squibb is Appropriate at Certification Stage

Defendant asks for dismissal of the claims asserted by non-New York plaintiffs based on lack of personal jurisdiction. ECF No. 11 at 2 citing *Bristol-Myer Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017).

However, Bristol-Myers was distinct from the present action because it "addressed mass tort actions rather than class actions" and was filed in state court. *Gonzalez v. Costco Wholesale Corp.*, No. 16-cv-2590, 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018). In *Gonzalez*, the Court actually agreed with the plaintiff that given the "'unsettled nature of the law following Bristol-Myers' – specifically its applicability to federal class actions," it would defer its decision until class certification. 2018 U.S. Dist. LEXIS 171000, at *19 citing *Campbell v. Freshbev LLC*, No. 16-cv-7119, 2018 WL 3235768, at *2 (E.D.N.Y. July 3, 2018). This Court should follow the approach of *Gonzalez*.

### VI. Conclusion

For the foregoing reasons, defendant's request for a pre-motion conference should be denied. Thank you.

Respectfully submitted,

 /s/ Spencer Sheehan
Spencer Sheehan

3

Certificate of Service

I certify that on July 18, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan