**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| Boubacar Sarr, individually and on behalf of all others similarly situated, |
| Plaintiff, |
| -against- |
| BEF Foods, Inc., |
| Defendant. |

Case No. 1:18-cv-06409-ARR-RLM

Hon. Allyne R. Ross

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

FOLEY HOAG LLP

August T. Horvath
(*ahorvath@foleyhoag.com*)
Natasha N. Reed
(*nreed@foleyhoag.com*)
Ellen Y. Cheong
(*echeong@foleyhoag.com*)
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel:  (646) 927-5500
Fax:  (646) 927-5599

*Attorneys for Defendant BEF Foods, Inc.*

B5027443.4

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

FACTUAL BACKGROUND .......................................................................................2

ARGUMENT ...............................................................................................................3

I.    Plaintiff Fails to Allege a Plausible Deception. ................................................3

      A.    Legal Standard .......................................................................................4

      B.    No Reasonable Consumer Would Believe that "Made with Real … Butter"
           Means that a Product Must Contain No Other Fats. .................................5

      C.    No Reasonable Consumer Would Believe that "Made with Real Potatoes" or
           "Made with 100% Fresh Potatoes" Means that a Finished Prepared Food
           Product Is Freshly Made. ........................................................................8

      D.    Plaintiff's Other Theories about Miscellaneous Packaging Representations
           Have No Plausible Basis ........................................................................10

II.   Plaintiff's Pleading of Representative Plaintiffs and State Law Causes of Action Are

      Fatally Defective ...............................................................................................11

      A.    Plaintiff's Class Allegations, Other than as to a New York Class, Should Be
           Dismissed ..............................................................................................11

      B.    Plaintiff's Claims for the 39 States in which There Are No Representative
           Plaintiffs Must Be Dismissed................................................................12

      C.    Plaintiff's Claims for the States in which No Law Is Alleged to have been
           Violated Must Be Dismissed. ...............................................................14

      D.    The Claims for Which Plaintiff has Neither a Representative Plaintiff Nor
           Alleges a Law that Was Violated Must Be Dismissed. .........................15

III.  Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate ...........15

      A.    Plaintiff Fails to State a Claim for Negligent Misrepresentation...........15

i

**B.**     Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability...............................................................................16

**C.**     Plaintiff Fails to State a Claim for Fraud. ............................................................17

**D.**     Plaintiff Fails to State a Claim for Unjust Enrichment. ........................................19

**IV.**   Plaintiff Lacks Standing to Seek Injunctive Relief........................................................19

CONCLUSION.........................................................................................................................20

B5027443.4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. Conagra Foods, Inc*,
 No. 3:13-cv-01269, 2019 U.S. Dist. LEXIS 122807 (N.D. Cal. Jul. 22, 2019) ...................... 12

*Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*,
 115 A.D.3d 128 (App. Div. 2014) ........................................................................ 16

*Bowring v. Sapporo U.S.A., Inc.*,
 234 F. Supp. 3d 386 (E.D.N.Y. 2017) ........................................................... 5, 19

*Buonasera v. Honest Co., Inc.*,
 208 F. Supp. 3d 555 (S.D.N.Y. 2016) ................................................................. 19

*Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*,
 117 F.3d 655 (2d Cir. 1997) ................................................................................ 19

*Campbell v. Freshbev LLC*,
 322 F. Supp. 3d 330 (E.D.N.Y. 2018) .................................................... 4, 5, 18, 19

*City of Los Angeles v. Lyons*,
 461 U.S. 95 (1983)....................................................................................... 19, 20

*Conley v. Copiague Union Free School Dist.*,
 No. 2:16-cv-04546 (E.D.N.Y. June 14, 2018) (Memorandum and Order) ............................. 13

*Cruz v. City of New York*,
 232 F. Supp. 3d 438 (S.D.N.Y. 2017) ................................................................. 13

*Davis v. The Hain Celestial Group, Inc.*,
 297 F. Supp. 3d 327 (E.D.N.Y. 2018) .................................................. 5, 18, 19, 20

*Dhir v. Carlyle Grp. Emple. Co.*,
 No. 16-cv-06378, 2017 U.S. Dist. LEXIS 162386 (S.D.N.Y. Sept. 29, 2017) ...................... 10

*Doe v. Solera Capital LLC*,
 No. 18-cv-1769, 2019 U.S. Dist. LEXIS 55860 (S.D.N.Y. March 31, 2019) ........................ 13

*Elkind v. Revlon Consumer Prods. Corp.*,
 No. 14-2484, 2015 U.S. Dist. LEXIS 63464 (E.D.N.Y. May 14, 2015) ................................. 20

iii

*Fermin v. Pfizer Inc.*,
   215 F. Supp. 3d 209 (E.D.N.Y. 2016) ............................................................... 4, 5

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) ............................................................................. 4

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) .............................................................................. 4

*In re Frito-Lay North America All Natural Litigation*,
   12-MD-2413, 2013 LEXIS 123824 (E.D.N.Y. Aug. 29, 2013) ............................. 17

*Greene v. Gerber Prods. Co.*,
   262 F. Supp. 3d 38 (E.D.N.Y. 2017) ................................................................ 19

*Henderson v. Gruma Corp.*,
   No. 10-4173, 2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) .............. 6, 7

*Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*,
   148 F. Supp. 3d 285 (S.D.N.Y. 2015) .............................................................. 20

*International Prods. Co. v. Erie R. R. Co.*,
   244 N.Y. 331 (1927) ...................................................................................... 16

*J.A.O. Acquisition corp. v. Stavitsky*,
   8 N.Y.3d 144 (2007) ...................................................................................... 16

*Kimmell v. Schaefer*,
   89 N.Y.2d 257 (1996) ................................................................................ 15, 16

*Kolle v. Mainship Corp.*,
   2006 U.S. Dist. LEXIS 28956 (E.D.N.Y. Apr. 20, 2006) ................................... 17

*Leguette v. Schwan's Co.*,
   No. 1:17-cv-07599, 2019 U.S. Dist. LEXIS 20158 (E.D.N.Y. Feb. 6, 2019) ........ 11

*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273 (2d Cir. 2006) ........................................................................... 17

*Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*,
   211 F.R.D. 228 (S.D.N.Y. 2002) ..................................................................... 11

*Manchouck v Mondeléz Intl., Inc.*,
   No. 13-civ-02148, 2013 LEXIS 138877 (N.D. Cal. Sep. 26, 2013) ....................... 6

*Mandarin Trading Ltd. V. Wildenstein*,
    16 N.Y.3d 173 (2011) ................................................................................ 16

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018) ....................................................................... 6

*McBeth v. Porges*,
    171 F. Supp. 3d 216 (S.D.N.Y. 2016) ....................................................... 17

*Mead Johnson & Co. v. Abbott Labs.*,
    201 F.3d 883 (7th Cir. 2000), amended 209 F.3d 1032 (7th Cir. 2002)............................ 9, 10

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)................................................................................... 20

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015) ....................................................................... 4

*Pernod Ricard USA, LLC v. Bacardi U.S.A.*,
    653 F.3d 241 (3d Cir. 2011) ....................................................................... 10

*Price v. L'Oreal USA, Inc.*,
    No. 17 CIV. 0614, 2017 LEXIS 165931 (S.D.N.Y. Oct. 5, 2017) .......................... 19

*Red v. Kraft Foods, Inc.*,
    No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012) .................... 7

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
    No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971 (E.D.N.Y. July 26, 2019)................ 4, 5, 8, 9

*Jane Roe v. Henry Wade*,
    410 U.S. 113 (1973)................................................................................... 13

*Schwartzco Enterprises LLC v. TMH Mgmt., LLC*,
    60 F. Supp. 3d 331 (E.D.N.Y. 2014) ......................................................... 18

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) ....................................................................... 13

*Sensible Foods, LLC v. World Gourmet, Inc.*,
    2012 LEXIS 21446 (N.D. Cal. Feb. 21, 2012) .......................................... 7

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994) ....................................................................... 18

*Solak v. Hain Celestial Grp., Inc.,*
   No. 3:17-CV-0704-LEK-DEP, 2018 U.S. Dist. LEXIS 64270
   (N.D.N.Y. April 17, 2018) ................................................................................. 4, 17

*Stoltz v. Fage Dairy Processing Industry, S.A.*
   No. 14-cv-3826 (MKB), 2015 U.S. Dist. LEXIS 126880 (E.D.N.Y. Sept. 22, 2015) ............ 14

*Tomasino v. Estee Lauder Cos., Inc.,*
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) ................................................................... 20

*Verzani v. Costco Wholesale Corp.,*
   No. 09-CV-2117, 2010 U.S. Dist. LEXIS 107699 (S.D.N.Y. Sept. 28, 2010) ......................... 4

*Weisblum v. Prophase Labs, Inc.,*
   88 F. Supp. 3d 283 (S.D.N.Y. 2015) ............................................................... 17, 19

**Statutory Authorities**

New York General Business Law §§ 349 and 350 .......................................................... 4

**Rules and Regulations**

21 C.F.R. § 101.95 ............................................................................................... 8

**Other Authorities**

Barbara D. Schuller, <u>How Much Is A Pat Of Butter?</u>, BasenjiMom's Place (Nov. 16, 2018),
<u>https://www.basenjimom.com/pat-of-butter/</u>.

## INTRODUCTION

This case is about whether the truthful promotion of one ingredient in a food product creates a negative implication that some different ingredient is not in that product. Plaintiff Boubacar Sarr ("Plaintiff") alleges that it does. Plain language, common sense, FDA regulations, and false-advertising case law all reject his contention.

This lawsuit is based on a single, factually true statement appearing on the label of Bob Evans® mashed potato products sold by Defendant BEF Foods, Inc. ("BEF Foods"). That statement is "Made with Real Milk & Butter." Plaintiff does not dispute the fact that Bob Evans mashed potato products are made with real butter. He also does not dispute that the ingredient statement on their packaging clearly states that the product also contains soybean and/or canola oil. Nonetheless, Plaintiff claims that by stating Bob Evans potatoes are "made with real butter," BEF Foods has falsely implied that the mashed potatoes do not contain vegetable oils.

The First Amended Complaint ("Complaint," Dkt. 10), which invokes New York statutory and common law, should be dismissed for several reasons:

**First**, Plaintiff has not plausibly alleged how the statement "made with real potatoes, milk & butter" is likely to deceive a reasonable consumer into believing the Bob Evans mashed potato products do not contain vegetable oils. Plaintiff's entire Complaint revolves around one untenable proposition: that by truthfully calling out the presence of one ingredient, the manufacturer is implying that another ingredient is not present in the product. The "made with real butter" statement does not exclude or preclude the presence of any other ingredients, and vegetable oil is clearly listed in the product's ingredient statement. Plaintiff also fails to allege facts sufficient to establish how the words "made from real potatoes" or "made with 100% fresh

potatoes" would mislead a reasonable consumer into believing the finished product (as opposed to just the potatoes used to make the product) is freshly made just prior to sale.

**Second**, Plaintiff's ancillary causes of action for negligent misrepresentation, breach of warranty, fraud, and unjust enrichment fail because they are improperly and inadequately pled and/or because they are inappropriate for the facts alleged by Plaintiff, as set forth fully below.

**Third**, even if Plaintiff's claims were not dismissed on the merits for one or more of the reasons set forth above, his claims must be dismissed as to the alleged nationwide class and as to all sub-classes except for New York because the different state laws under which Plaintiff purports to sue have materially different elements, with some not permitting class actions at all. In addition, Plaintiff either fails to properly identify a representative class plaintiff, fails to specify a state law that allegedly has been violated, or both, for 42 of the 50 states in which they purport to assert causes of action.

## FACTUAL BACKGROUND

BEF Foods produces, markets, and sells refrigerated mashed potato products under the brand name Bob Evans.  (Dkt. 10 ¶ 1).  Packaging for Bob Evans mashed potatoes contains, among other things, the statement "Made with Real Potatoes, Milk & Butter." (Dkt. 10 ¶ 4.)

In addition, labeling for Bob Evans mashed potatoes contains an ingredient statement, which discloses all ingredients contained in the product.  For example, the ingredient list for Bob Evans mashed potatoes depicted in the First Amended Complaint (exact product not specified) appears as follows:

2

> **INGREDIENTS**: POTATOES, MILK, BUTTER (CREAM, SALT), SOYBEAN AND/OR CANOLA OIL, SALT, NATURAL FLAVOR, MONO & DIGLYCERIDES, CONTAINS LESS THAN 2% OF BLACK PEPPER, POTASSIUM SORBATE [TO MAINTAIN FRESHNESS], SODIUM ACID PYROPHOSPHATE.
> **CONTAINS: MILK, SOY.**

(Dkt. 10 ¶ 8.)  This ingredient statement indicates that the products contain ingredients other than potatoes, milk, and butter, specifically including soybean and/or canola oil.

The statement "Made with Real Potatoes, Milk & Butter" is true and accurate.  Plaintiff concedes that the Products are made with real potatoes (¶ 88) and does not dispute that they are made with real milk.  Bob Evans mashed potatoes are made with real butter, as set forth in the ingredient list.  Further, as any reasonable consumer can tell from the fact that butter precedes the vegetable oils in the ingredient list, the product contains more butter than vegetable oils.  Plaintiff does not dispute these facts.  Plaintiff also does not dispute, and indeed affirmatively alleges, that butter in a food product is valued for its own positive qualities, regardless of what else is or is not in the product.  (Dkt. 10 ¶¶ 17-60).  Similarly, the statements "Made with Real Potatoes" and "Made with 100% Fresh Potatoes" are true and accurate.  Nothing in Plaintiff's First Amended Complaint provides any plausible basis for Plaintiff's contentions that consumers understand these claims to mean anything other than what they plainly say.

## ARGUMENT

**I.      Plaintiff Fails to Allege a Plausible Deception.**

Plaintiff's claims that the wording "made with real potatoes, milk & butter," and "made with 100% fresh potatoes" could deceive a reasonable consumer into believing something untrue about Bob Evans mashed potatoes are not plausible.

3

### A.    Legal Standard

To prove conduct is materially misleading as required under New York General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer.   *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  In so doing, courts consider the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the packaging.  *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (considering both large and small print in ad in dismissing consumer protection claims); *Verzani v. Costco Wholesale Corp.*, No. 09-CV-2117, 2010 U.S. Dist. LEXIS 107699, at *5-7 (S.D.N.Y. Sept. 28, 2010) (considering entire label on a food tray, which listed each item on the tray and its relative weight, in dismissing case alleging that the food tray's "net weight" label referred only to one item in the tray, not all of the items on the tray).

Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive a reasonable consumer.  *See, e.g.*, *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-16 (E.D.N.Y. July 26, 2019); *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-cv-0704-LEK-DEP, 2018 U.S. Dist. LEXIS 64270, at *8-36 (N.D.N.Y. April 17, 2018) (name of "veggie straws" snacks and images of vegetables are truthful in that they imply the snacks are made from vegetables, and do not reasonably imply that the snacks contain fresh, whole, ripe vegetables); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 341 (E.D.N.Y. 2018) (truthful claim that a

4

juice is "cold-pressed" does not imply that it is only cold-pressed, and not also processed in any other way); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where the table count was clearly disclosed on the bottle).

> **B.     No Reasonable Consumer Would Believe that "Made with Real … Butter" Means that a Product Must Contain No Other Fats.**

Plaintiff's false advertising claims should be dismissed on the basis that no reasonable consumer would interpret "made with real butter" as an implied "made with no other fats" claim. Judge Garaufis in this District recently considered, and dismissed, a closely similar case, alleging that a "made with real butter" claim on a similar mashed potato product implied the presence of no other facts in the product. *Reyes*, 2019 U.S. Dist. LEXIS 125971, at *8-11. In *Reyes*, the court noted that the "made with real butter" claim on the Simply Potatoes mashed potato product is truthful, and that "a reasonable consumer who was concerned about whether the mashed potatoes contained margarine would know that 'the devil is in the details' and thus would check the ingredients label." *Id.* at *9 (citing *Davis v. Hain Celestial*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018)). Following *Davis*, the *Reyes* Court held that the proper analysis starts with whether the element challenged by the plaintiff is misleading, concluding that "made with real butter" is not misleading on a mashed potato product that is made with real butter. *Reyes*, at *8-11. If the allegedly misleading element is "ambiguous," a clarification on another part of the label may dispel any confusion." *Id.* at *8-10. On a mashed potato product, the clearly visible disclosure of vegetable oils as well as butter in the ingredient statement dispels any such confusion. *Id.*

5

The recent Second Circuit decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), is not to the contrary.  As Judge Garaufis noted in the *Reyes* ruling, Kellogg in *Mantikas* prominently featured "Whole Wheat" as a major marketing element of its Cheez-It crackers, when in fact, the flour used was predominantly enriched white flour.  *Reyes*, Dkt. 17 at 9.  Here, as in *Reyes*, it is undisputed that the Products contain more butter than other fats.  Plaintiff even admits that "[t]he Products' composition is carefully formulated so that the milkfat portion exceeds the vegetable oil portion in an attempt to justify their emphasis on butter."  (¶ 96.) Plaintiff here alleges that it is somehow misleading to formulate a product in such a way as to "justify" its marketing claims, but that is actually just truthful advertising.

Like the statement in *Reyes*, the statement "made with real butter," on Bob Evans mashed potatoes is not deceptive because it simply identifies the fact that real butter is an ingredient, which adds value to the product, regardless of what else is or is not in the product.  Knowing that butter has value for its own sake, as Plaintiff alleges extensively (Dkt. 10 ¶¶ 20-70), no reasonable consumer in a grocery store would believe that products have no vegetable oils or other ingredients simply because the label states "made with real butter."  Federal courts have time and time again dismissed virtually identical claims where the plaintiffs have alleged "made with" ingredient claims were misleading.  These courts have held that such statements are factually true if the product indeed contains the ingredient, and that they are therefore not deceptive as a matter of law.  *See e.g.*, *Manchouck v Mondeléz Intl., Inc.*, No. 13-CIV-02148, 2013 U.S. Dist. LEXIS 138877, at *7-9 (N.D. Cal. Sept. 26, 2013) (claim that "made with real fruit" on fig cookie labels deceptively implied product excluded mechanically processed puréed fruit "strains credibility;" no reasonable consumer likely to be deceived and putative class action complaint dismissed without leave to amend); *Henderson v. Gruma Corp.*, No. 10-CIV-4173,

2011 U.S. Dist. LEXIS 41077, at *33-34 (C.D. Cal. Apr. 11, 2011) (dip packaging claiming made "with garden vegetables" not likely deceptive to a reasonable consumer where product contained avocado powder, dehydrated onion, garlic powder, and bell pepper and thus "contain[ed] vegetables that can be grown in a garden"); *Red v. Kraft Foods, Inc.*, No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461, at *10-12 (C.D. Cal. Oct. 25, 2012) (reasonable consumer not likely to be deceived into believing that claim "made with real vegetables" for crackers means product is healthy and contains a significant amount of vegetables, because reasonable consumers know crackers are not composed primarily of fresh vegetables); *Sensible Foods, LLC v. World Gourmet, Inc*., No. 11-2819, 2012 U.S. Dist. LEXIS 21446, at *16-20 (N.D. Cal. Feb. 21, 2012) (court dismisses claim that product names "Veggie Straws" and "Apple Straws" for snack foods made primarily of potatoes is misleading, holding the name was not deceptive because the products indeed contained vegetables and apples).  The court in *Sensible Foods* went as far as to say "it strains the boundaries of the English language — to say that products made primarily from potatoes are not made of 'veggies.'" *Id*., at *17-18.

The same rationale can be applied in the instant case, as it is implausible that a reasonable consumer would be misled into thinking that "made with real butter" means Bob Evans mashed potatoes cannot also contain vegetable oils.  Plaintiff's allegations about home cooking practices and Internet recipes (¶¶ 55-59) ignore the context of a consumer purchasing a ready-to-eat mashed potato product, and provide no information relevant to a reasonable consumer acting reasonably under those circumstances.

B5027443.4

**C.    No Reasonable Consumer Would Believe that "Made with Real Potatoes" or "Made with 100% Fresh Potatoes" Means that a Finished Prepared Food Product Is Freshly Made.**

Plaintiff's substantive allegations about his other claim, that the claim "made with 100% fresh potatoes" somehow communicates that the final Bob Evans mashed potato product is a fresh vegetable, consist of allegations out of which it is impossible to discern a coherent, let alone plausible, cause of action.  (Dkt. 10 ¶¶ 71-93.)  Plaintiff appears to believe that the term "fresh" has to do with whether a product is refrigerated or has a long shelf life.  (Dkt. 10 ¶¶ 74-78.)  This is incorrect.  In both the FDA's definition and consumers' understanding, a fresh product is one that is "in its raw state and has not been frozen or subjected to any form of thermal processing or any other form of preservation" – in other words, has been neither frozen nor cooked.  *Reyes*, at *11-12 (citing 21 C.F.R. 101.95(a)).  There is no such thing as "fresh mashed potatoes" (absurdly referenced at Dkt. 10 ¶ 79) because potatoes have to be cooked before they can be mashed.  *Id.*  Mashed potatoes are cooked vegetables, and therefore cannot be fresh vegetables.  It is irrelevant that Bob Evans mashed potatoes are refrigerated – everyone's refrigerator contains fresh foods – or that, while refrigerated, they can last a long time.  The finished Bob Evans mashed potato products are not fresh because they are cooked, and BEF Foods would never call them "fresh," nor would any consumer believe they are fresh.  BEF Foods merely informs consumers that at the time of incorporation into Bob Evans mashed potatoes as an ingredient, its potatoes are "100% fresh potatoes" – raw and not frozen.  There is no ambiguity in the Bob Evans "fresh" claim from which any reasonable consumer could get a false impression.

This allegation, too, was dismissed by Judge Garaufis in the closely similar *Reyes v. Crystal Farms* case.  In that case, the packaging claim was "Made with fresh whole potatoes," on

8

a similar prepared mashed potato product.  In that case, as here, the plaintiff admitted that the clear, unambiguous meaning of the claim – that the potatoes are raw and unfrozen when incorporated into the product – is truthful.  *Reyes*, at *12.  Given that the defendant's "made from" claim was truthful and that it would be obvious to any consumer that a cooked, seasoned, mashed potato product could not be raw, "Plaintiff's allegation is implausible."  *Id.*

Plaintiff urges this Court to adopt a different definition of "fresh," meaning "very recently prepared," as one might speak of fresh-baked bread.  (¶ 80.)  This, too, is implausible.  BEF Foods' claim, "Made with 100% fresh potatoes," unambiguously says that it is the potato ingredients at the time they are made into the product, and not at the point of purchase after cooking, mashing, and seasoning, that were fresh.  Further, no reasonable consumer could look at a package of branded mashed potatoes, obviously made by a national food company in some other location and shipped to hundreds of supermarkets around the country, and believe that the product was peeled, cooked, mashed, flavored, and packaged in the store that morning.

To this already inadequate theory, Plaintiff adds the further allegation that "'Real' is used and understood synonymously with fresh."  (¶ 87.)  Plaintiff offers no basis to entertain the notion that any reasonable consumer interprets "real" as meaning "fresh," rather than "not fake or imitation."  The closest Plaintiff comes to a real argument is to allege that "real potatoes" cannot mean "real potatoes," because it is too obvious that the potatoes in Bob Evans mashed potatoes are genuine and will not "disappear before [consumers] get home."  (¶¶ 88-89.)  Indeed, both the meaning and the truthfulness of the claim "made with real potatoes" *are* obvious and unambiguous.  That is not a reason to go searching for some non-obvious meaning, as Plaintiff does here.  It is precisely the opposite:  where the meaning of a marketing claim is unambiguous, allegations of alternative implied meanings are implausible and should be dismissed.  *See Mead*

9

*Johnson & Co. v. Abbott Labs.*, 201 F.3d 883 (7th Cir. 2000), amended, 209 F.3d 1032 (7th Cir. 2002) (holding that "1st Choice of Doctors" is an unambiguous claim and denying plaintiffs the opportunity to prove that it is interpreted as "chosen by a majority of doctors"); *Pernod Ricard USA, LLC v. Bacardi U.S.A.*, 653 F.3d 241, 251-52 (3d Cir. 2011) (finding that statement of product origin was unambiguous and plaintiff's interpretations were implausible).

### D. Plaintiff's Other Theories about Miscellaneous Packaging Representations Have No Plausible Basis

Plaintiff makes several other allegations that are untethered to any theory of liability, unsupported by any credible factual basis, and stretch credulity beyond the breaking point. Even on a Rule 12 motion, the Court need not credit conclusory allegations that contradict common knowledge and common sense. *Dhir v. Carlyle Grp. Emple. Co.*, No. 16-cv-06378, 2017 U.S. Dist. LEXIS 162386, at *20-22 (S.D.N.Y. Sept. 29, 2017) (dismissing theory of fraud that "contradicts not only common sense, but also other allegations in Plaintiff's own complaint").

Plaintiff reaches back into cached Internet pages to find labeling and ingredient statements for Bob Evans mashed potatoes from past years when they were formulated differently and therefore, of course, labeled differently. (¶¶ 98-110.) Plaintiff launches into wholly baseless speculation as to what the prior ingredients were, from where they were obtained, and how the Products should have been labeled if Plaintiffs' baseless speculations were correct. None of this has anything to do with the presence or amount of butter in the Products or with any cognizable theory of consumer deception.

Plaintiff speculates that "natural flavor" in the Products' ingredient statement is "likely" butter flavor. (¶¶ 111-115.) Plaintiff offers not the slightest reason to imagine that the Products are, or need to be, flavored to taste like butter, especially considering that they actually contain

10

butter.  Again, there is no plausible theory of consumer deception associated with these allegations.

Plaintiff contends that the visual depiction of a "pat" of butter on one variety of Bob Evans potatoes conveys the presence of a specific amount of butter, because "the standard size of a pat of butter is equivalent to half a tablespoon."  (¶¶ 67-70.)  This is false as a matter of common knowledge; a pat of butter is not a standard size, and pats of butter come in many sizes. Plaintiff's source for this contention, a food blog called "Basenji Mom's Place," not only is not authoritative, but explicitly says the opposite of what Plaintiff alleges it says:  "the size of what we call 1 pat of butter can vary according to packaging."  Barbara D. Schuller, How Much Is A Pat Or Butter?, BasenjiMom's Place (Nov. 16, 2018), https://www.basenjimom.com/pat-of-butter/.  Plaintiff also contends that the actual amount of butter in the Products can be deduced from the Vitamin A declaration in the Products' Nutrition Facts panel.  (¶¶ 67-70.)  This is also false; the amount of Vitamin A in butter is highly variable and, to avoid any risk of over-declaring a nutrient, food companies often do not disclose the estimated Vitamin A content of their butter ingredients.

## II.     Plaintiff's Pleading of Representative Plaintiffs and State Law Causes of Action Are Fatally Defective

### A.     Plaintiff's Class Allegations, Other than as to a New York Class, Should Be Dismissed

Judge Weinstein in this District recently dismissed a national class in a case similar to this, holding that "since several of their claims sound in fraud, a nationwide class action would require application of the laws of at least fifty jurisdictions."  *Leguette v. Schwan's Co.*, No. 1:17-cv-07599, 2019 U.S. Dist. LEXIS 20158, at *2-3 (E.D.N.Y. Feb. 6, 2019) (citing *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 211 F.R.D. 228, 235 (S.D.N.Y. 2002)).

In a recent decision in *Allen v. Conagra Foods, Inc.*, a U.S. District Court in the Northern District of California considered the appropriateness of permitting various out-of-state subclasses to which defendant Conagra objected because of material differences in state deceptive-practices laws. *See Allen v. Conagra Foods, Inc.*, No. 3:13-cv-01269, 2019 U.S. Dist. LEXIS 122807 (N.D. Cal. Jul. 22, 2019). Plaintiffs in that case did not even move to certify a nationwide class for any cause of action other than unjust enrichment, which was denied: "Because each state's law would have to apply, individualized issues predominate over common ones." *Id.* at *17. The *Allen* court considered the differences in the various states alleged. Among other things, that court found that class actions are not permitted under the same consumer protection statutes of Alabama, Georgia, Mississippi, Montana, Ohio, and Virginia that Plaintiff Sarr alleges in support of its class action here (¶ 163), and therefore that it would be inappropriate to permit any class treatment of consumers in those states. *Allen* at *26-56. In addition, the court found that monetary damages are not available under the Minnesota Deceptive Trade Practices Act, and limited this sub-class to injunctive relief. *Id.* at *56-64. The court denied class certification as to several other states because of state-to-state differences in elements such as individualized causation and reliance and methods of computing damages. *Id.* at *26-56. Here, Plaintiff has not alleged that the First Amended Complaint pleads all necessary elements under all state statutes in his list in Paragraph 163, let alone that his claims in all such states could be adjudicated as part of a single class. All of Plaintiff's class allegations, except for those alleging a New York class, therefore should be dismissed.

**B.    Plaintiff's Claims for the 39 States in which There Are No Representative Plaintiffs Must Be Dismissed.**

The First Amended Complaint adds numerous representative plaintiffs to the original Complaint, filed solely by Boubacar Sarr, to provide purported class representatives for state

12

sub-classes of consumers in all 50 states.  These include 11 named plaintiffs identified in Paragraphs 136 to 147 of the First Amended Complaint and "Jane Doe plaintiffs [who] are citizens of the 39 states for which the identity of a named plaintiff has not been disclosed, but who were affected in the same manner as the Named Plaintiffs."  ¶ 148.  These 39 "Jane Doe" plaintiffs are not real people.  They are imaginary people whom Plaintiff's Counsel hopes might exist in 39 states.  Pleading the existence of imaginary plaintiffs is improper, and cannot support claims in the 39 states for which they are proffered as class representatives.

A plaintiff may name a pseudonymous "Jane Doe" defendant, when the plaintiff has reason to believe that unlawful acts were committed by a specific person whose identity is not yet known, and is making reasonable efforts to discover that person's identity.  *See Conley v. Copiague Union Free School Dist.*, No. 2:16-cv-04546 (SJF) (AYS) (E.D.N.Y. June 14, 2018) (Memorandum and Order), citing *Cruz v. City of New York*, 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017).  A plaintiff may also file a case under a pseudonym to protect the party's privacy and security, as was done, for example, in the famous *Roe v. Wade* case.  *See Jane Roe, et al v. Henry Wade*, 410 U.S. 113 (1973) ("Jane Roe" used as pseudonym for Norma McCorvey). Here, Plaintiff does not and could not allege that representative class false-advertising plaintiffs are so concerned about retaliation or invasion of privacy that they need to sue under pseudonyms, which would be required to sue under a pseudonym in this District.  *Doe v. Solera Capital LLC*, No. 18-cv-1769, 2019 U.S. Dist. LEXIS 55860, at *6-9 (S.D.N.Y. March 31, 2019) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008)).  Instead, Plaintiff has no specific persons in mind when he alleges "Jane Doe" plaintiffs, but hopes and speculates that appropriate representative plaintiffs might exist somewhere.

We are aware of no cases in which a plaintiff has been allowed to sue as a "John Doe" when the pseudonym does not represent an actual person, but merely a hypothetical type of person whom the plaintiff or plaintiff's counsel hopes may exist and be discovered at some later time.  This use of "John Doe" plaintiffs is inconsistent with the limited purposes for which John-Doe pleading is allowed, and therefore improper.  The imaginary plaintiffs pled in Paragraph 148 of the First Amended Complaint should be dismissed.  Without these plaintiffs, the First Amended Complaint's sub-classes and claims under the laws of the following states should also be dismissed because there is no named representative plaintiff with standing to pursue them: Alabama, Alaska, Arkansas, Colorado, Connecticut, Delaware, the District of Columbia, Georgia, Hawaii, Illinois, Kentucky, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Vermont, Washington, West Virginia, and Wisconsin.  *See Stoltz v. Fage Dairy Processing Indus., S.A.*, 14-cv-3826 (MKB), 2015 U.S. Dist. LEXIS 126880, at *35 (E.D.N.Y. Sept. 22, 2015) (holding, in a purported multistate consumer false-advertising class action similar to this one, that "If John Doe and Jane Doe do not exist, there are no parties before the Court who have alleged standing to assert claims under Georgia or Texas state law requiring dismissal of these claims.")

### C.     Plaintiff's Claims for the States in which No Law Is Alleged to have been Violated Must Be Dismissed.

Plaintiff identifies named plaintiffs from the states of Maryland, Virginia, and North Carolina, but does not identify any law of these states that BEF Foods is alleged to have violated. FAC ¶¶ 138, 144, 145, 163.  No laws from these states are cited in Plaintiff's list of state statutes that BEF Foods is alleged to have violated.  (¶ 163.)  Because Plaintiff has not alleged a violation

of the laws of these states, class representatives Chris Dean (Maryland) and Rachel Parks (North Carolina and Virginia), and their claims, should be dismissed.

### D. The Claims for Which Plaintiff has Neither a Representative Plaintiff Nor Alleges a Law that Was Violated Must Be Dismissed.

Although Plaintiff vaguely alleges that he seeks damages for deceptive practices in "all 50 states" (¶ 163), there are six states for which Plaintiff alleges neither a named plaintiff nor any state law that has been violated.  To the extent that Plaintiff purports to assert claims and/or sub-classes in Arizona, Indiana, Iowa, Pennsylvania, Texas, or Utah, all of which are absent from Plaintiff's list of state consumer protection statutes in Paragraph 163, these should be dismissed for both of the reasons discussed in parts B and C above.

### III. Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate

Plaintiff alleges several common-law causes of action that piggyback on the facts of its main claim lodged under state consumer protection statutes.  These ancillary claims all fail because Plaintiff's core theory of deception fails.  Even if Plaintiff's deception theory held water, however, the ancillary claims would have to be dismissed because they are inadequately or improperly pled and/or simply inappropriate to the fact pattern Plaintiff alleges.

### A. Plaintiff Fails to State a Claim for Negligent Misrepresentation.

Plaintiff's claim for negligent misrepresentation is inappropriate under these circumstances, in which Plaintiff alleges misstatements by an advertiser to a mass audience of consumers engaging in arm's-length transactions.  In New York, there must be a special relationship of confidence and trust to establish potential liability for negligent misrepresentation.  *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996) (requiring "special relationship" that places an exceptional duty of care on a speaker, such as where plaintiffs were

15

investors in a limited partnership and defendant was attorney and director of an affiliated company who personally solicited plaintiffs as investors).  The duty to speak with care arises when "the relationship of the parties, arising out of a contract or otherwise, [is] such that in morals and good conscience the one has a right to rely upon the other for information."  *Id.* at 263, quoting *International Prods. Co. v. Erie R. R. Co.*, 244 N.Y. 331, 338 (1927).  To establish a claim for negligent representation the plaintiff must demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011); *see also J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007); *Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*, 115 A.D.3d 128, 141 (App. Div. 2014) (cause of action dismissed for complaint's lack of allegation of a relationship of trust and confidence between the parties). Negligent misrepresentation claims generally are lodged against individuals with a direct, one-on-one relationship with the plaintiff, especially professionals having special expertise, such as attorneys, accountants and consultants.  *Kimmell*, 89 N.Y.2d at 263-64.  Applying this theory where Plaintiff, and the putative class, are members of a mass audience of consumers, with no direct relationship to BEF Foods, is improper, and the claim should be dismissed.  No law, to BEF Foods' knowledge, supports Plaintiff's allegation that having a "trusted brand" (Dkt. 10 ¶ 176) gives rise to a special duty to all consumers, exposing a company to a potential negligent misrepresentation claim.

> **B.    Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability.**

Plaintiff alleges that BEF Foods warranted that Bob Evans mashed potatoes did not contain non-dairy fat ingredients due to the "made with real butter" claim on its packaging.

(Dkt. 10, ¶ 184.)  To the extent that Plaintiff is asserting "made with real butter" is an express warranty of "no non-dairy fat ingredients," this claim must be dismissed because "made with real butter" is not an affirmation of fact or promise about the absence of vegetable oils.  Plaintiff also admits that BEF Foods "never actually claims the Products are 'fresh'" (¶ 73) and therefore, admits that BEF Foods' truthful claims that Bob Evans mashed potatoes are "*made with* fresh potatoes" cannot be an affirmation of fact or promise about the final product being fresh.  *See Solak*, 2018 U.S. Dist. LEXIS 64270, at *31-36; *In re Frito-Lay North America All Natural Litigation*, 12-MD-2413, 2013 U.S. Dist. LEXIS 123824, at *84-85 (E.D.N.Y. Aug. 29, 2013).

Plaintiff's claim for breach of implied warranty of merchantability must also be dismissed because Plaintiff does not allege that she purchased Bob Evans mashed potatoes directly from BEF Foods or suffered any personal injury.  Absent privity of contract between Plaintiff and BEF Foods, a breach of implied warranty claim cannot be sustained except to recover for personal injuries.  *See Weisblum*, 88 F. Supp. 3d at 296.  The economic injuries alleged by Plaintiff are not "personal injuries."  *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

### C.        Plaintiff Fails to State a Claim for Fraud.

Plaintiff's claim for fraudulent misrepresentation fails because he has not pled fraud with the required specificity.  "To state a cause of action for fraudulent misrepresentation under New York law, a plaintiff must allege 'a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'"  *McBeth v. Porges*, 171 F. Supp. 3d 216, 225 (S.D.N.Y. 2016) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006)).  Claims of fraud

17

"must be pled with particularity" beyond that of a normal claim.  *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014).

Plaintiff only pleads the general and conclusory allegation that BEF Foods intended to "take advantage of consumers' common expectations" (Dkt. 10, ¶ 193), which does not meet the required standard, especially given that no affirmative false ingredient claims are alleged, and vegetable oil is clearly disclosed as an ingredient.  Plaintiff also alleges that BEF Foods' claim of "made with real, fresh potatoes" constitutes fraud because consumers believe refrigerated potatoes are fresh, and, according to Plaintiff, this is an incorrect belief and BEF Foods is aware of this alleged consumer misperception. (*Id.*)  Plaintiff fails to allege any facts sufficient to show that BEF Foods believes a consumer misperception exists concerning the freshness of refrigerated potatoes; that it is in fact a misperception; or that this alleged consumer misperception would lead consumers to believe that Bob Evans mashed potato products, as opposed to the potatoes used to make it, are "fresh."  The closest Plaintiff comes is to assume that BEF Foods must also have seen documents Plaintiff found on the Internet.  (¶¶ 75-78.) Plaintiff's conclusory allegations do not sufficiently allege facts that "give rise to a strong inference of fraudulent intent," nor does Plaintiff plead facts to show "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *see also Davis v. The Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) (finding, in similar false-advertising case, that scienter is not sufficiently pled where the plaintiff merely alleges general desire to increase sales or knowledge that other products are more accurately represented); *Campbell*, 322 F. Supp. 3d at 344 (rejecting fraud allegation as inadequately pled in a food false-labeling case; "leeway [to plead intent to defraud generally] is not a license to

18

base claims of fraud on speculation and conclusory allegations") (internal quotation omitted); *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997); *Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 73 (E.D.N.Y. 2017).

### D.   Plaintiff Fails to State a Claim for Unjust Enrichment.

Plaintiff's claim for unjust enrichment must fail because it is duplicative of his fraud and false advertising claims. An unjust enrichment claim is not available where it simply replicates another claim. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296-97 (S.D.N.Y. 2015) (dismissing unjust enrichment claim that was duplicative of GBL claims); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same). This rule has been repeatedly applied by New York's federal courts to dismiss add-on unjust enrichment claims in cases similar to the current one. *See, e.g.*, *Davis*, 297 F. Supp. 3d at 338 (dismissing the unjust enrichment claim in a similar false-advertising case because "it merely duplicates plaintiffs other claims based on the same alleged misrepresentations"); *Price v. L'Oreal USA, Inc.*, No. 17 CIV. 0614, 2017 U.S. Dist. LEXIS 165931, at *13 (S.D.N.Y. Oct. 5, 2017) ("All of the claims in the Complaint are based on the same alleged misrepresentation by Defendants that the Products contain keratin. Accordingly, Plaintiffs' New York unjust enrichment claim is dismissed as duplicative."); *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016) (dismissing unjust enrichment claim on the grounds that it was duplicative).

## IV.   Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiffs' request for injunctive relief should be dismissed because Plaintiffs' alleged past harm does not confer standing to seek injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "[Past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present

adverse effects." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).  Numerous District Courts in the Second Circuit have dismissed claims for injunctive relief in false advertising cases where, as here, the plaintiff is "now aware of the alleged misrepresentations that they challenge" and therefore "there is no danger that they will again be deceived by them." *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-2484, 2015 U.S. Dist. LEXIS 63464, at \*8 (E.D.N.Y. May 14, 2015); *Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 295-96 (S.D.N.Y. 2015) ("A plaintiff lacks standing to bring an action for injunctive relief when, as here, she does not allege that she will suffer any future injury as a result of defendant's continued conduct"); *Tomasino v. Estee Lauder Cos., Inc.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (denying standing because plaintiff "has made clear that she does not believe the ANR products have the effects advertised by Estee Lauder").  Most recently, this Court dismissed the claim for injunctive relief in another food advertising class action filed by these same plaintiffs' counsel on this ground.  *See Davis*, 297 F. Supp. 3d at 339 ("To the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the same way.  He therefore lacks standing to seek an injunction.").

## CONCLUSION

For the foregoing reasons, BEF Foods respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint on all counts, or alternatively, to dismiss Plaintiff's nationwide purported class allegations.

Dated: August 16, 2019                          Respectfully submitted,

                                                */s/ August T. Horvath*
                                                August T. Horvath (AH 8776)
                                                *ahorvath@foleyhoag.com*
                                                Natasha N. Reed (NR 8761)

B5027443.4

*nreed@foleyhoag.com*
Ellen Cheong (EC 3339)
*echeong@foleyhoag.com*

FOLEY HOAG LLP
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel:  (646) 927-5500
Fax (646) 927-5599

*Attorneys for Defendant BEF Foods, Inc.*

21

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of August 2019, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via ECF.


*/s/ August Horvath*
August T. Horvath