# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Boubacar Sarr, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  -against-<br><br>BEF Foods, Inc.,<br><br>        Defendant. | Case No. 1:18-cv-06409-ARR-RLM<br><br>Hon. Allyne R. Ross |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

FOLEY HOAG LLP

August T. Horvath
(*ahorvath@foleyhoag.com*)
Natasha N. Reed
(*nreed@foleyhoag.com*)
Ellen Y. Cheong
(*echeong@foleyhoag.com*)
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel:  (646) 927-5500
Fax:  (646) 927-5599

*Attorneys for Defendant BEF Foods, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

I. Plaintiff's Allegations of Consumer Deception Are Implausible .........................................1

    A. Reasonable Consumers Are Not Misled to Believe that Bob Evans Mashed Potatoes Contain No Oils ...................................................................................................1

    B. Plaintiff's Contentions Regarding Consumer Understanding of "Made with Fresh Potatoes" Have No Merit. ........................................................................................4

    C. Plaintiff Has No Basis to Allege the Presence of Butter Flavor .............................6

II. PLAINTIFF'S UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED .............6

III. PLAINTIFF'S WARRANTY CLAIMS SHOULD BE DISMISSED ...............................7

IV. THE CONDUCT ALLEGED BY PLAINTIFFS DOES NOT RISE TO THE LEVEL OF FRAUD .......................................................................................................................9

V. PLAINTIFFS' CLAIMS IN STATES OTHER THAN NEW YORK SHOULD BE DISMISSED .....................................................................................................................11

    A. States with Materially Different Consumer Protection Laws ................................11

    B. States from Which There Is No Plaintiff before the Court ...................................12

CONCLUSION ............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Conagra Foods, Inc*,
   No. 3:13-cv-01269, 2019 U.S. Dist. LEXIS 122807 (N.D. Cal. Jul. 22, 2019) ........................ 11

*Berger v. MFI Holding Corp.*,
   No. 17-civ-6728 (E.D.N.Y. filed Nov. 17, 2017) ...................................................................... 2

*Davis v. The Hain Celestial Group, Inc.*,
   297 F. Supp. 3d 327 (E.D.N.Y. 2018) .................................................................................... 6, 7

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) ....................................................................................................... 4

*Henderson v. Gruma Corp.*,
   No. 10-4173, 2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) ................................... 2

*Mahoney v. Endo Health Solutions, Inc.*,
   No. 15-cv-9841, 2016 WL 3951185 (S.D.N.Y. July 20, 2016) .................................................. 8

*Manchouck v Mondeléz Intl., Inc.*,
   No. 13-civ-02148, 2013 LEXIS 138877 (N.D. Cal. Sep. 26, 2013) .......................................... 2

*Orlander v. Staples, Inc.*,
   802 F.3d 289 (2d Cir. 2015) ....................................................................................................... 4

*Price v. L'Oreal USA, Inc.*,
   No. 17 CIV. 0614, 2017 LEXIS 165931 (S.D.N.Y. Oct. 5, 2017) ............................................ 7

*Prue v. Fiber Composites, LLC*,
   No. 11-CV-3304 (ERK)(LB), 2012 WL 1314114 (E.D.N.Y. Apr. 17, 2012) ........................ 7, 8

*Randy Knitwear v. American Cyanamid Co.*,
   11 N.Y.2d 5 (1962) .................................................................................................................... 8

*Red v. Kraft Foods, Inc.*,
   No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012) ........................... 2

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
   No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971 (E.D.N.Y. July 26, 2019) ............................. 4

*Sitt v. Nature's Bounty, Inc.*,
   No. 15-cv-4199, 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) .............................................. 8

*Solak v. Hain Celestial Grp., Inc.,*
   No. 3:17-CV-0704-LEK-DEP, 2018 U.S. Dist. LEXIS 64270
   (N.D.N.Y. April 17, 2018) ..................................................................................................... 4

*Stoltz v. Fage Dairy Processing Industry*, S.A.
   No. 14-cv-3826 (MKB), 2015 U.S. Dist. LEXIS 126880 (E.D.N.Y. Sept. 22, 2015) ...... 11, 12

*Suarez v. Cal. Natural Living, Inc.*,
   No. 17-cv-9847, 2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019) ................................................. 8

*Weisblum v. Prophase Labs, Inc.*,
   88 F. Supp. 3d 283 (S.D.N.Y. 2015) .................................................................................. 7, 8

**Statutory Authorities**

New York General Business Law §§ 349 and 350 ......................................................................... 6

Uniform Commercial Code ............................................................................................................ 8

**Rules and Regulations**

21 C.F.R. § 101.95 .................................................................................................................... 4, 5

Fed. R. Civ. P. 9(b) ........................................................................................................................ 9

**News, Articles, and Public Filings**

A. Gasparro & J.S. Lublin, *Post Holdings to Buy Bob Evans Packaged Food Business for
   $1.5 Billion*, WALL STREET J. (Sept. 17, 2019) ................................................................. 9, 10

Bob Evans Farms, Inc., Securities and Exchange Commission Form 8-K (Jan. 12, 2018) .......... 10

# INTRODUCTION

Plaintiff Boubacar Sarr ("Plaintiff") accurately focuses on the central issue for the dismissal of this case: Defendant BEF Foods, Inc.'s ("BEF Foods") argument that the labeling elements challenged by Plaintiff could not plausibly deceive reasonable consumers. Plaintiff's Opposition (Dkt. 14) adds little to the allegations of the First Amended Complaint on this score. Indeed, there is not much to be added. The facts remain as set forth in BEF Foods' moving brief (Dkt. 13-1). The essential facts are as follows:

- BEF Foods' labeling claims are literally truthful and are unambiguous as to their meaning;
- The additional or alternative implied meanings Plaintiff ascribes to them are not reasonable or plausible; and
- In the unlikely event that anyone would have the interpretations urged by Plaintiff, they are corrected by other information on the product packaging and/or by what anyone can see about the products.

In addition, Plaintiff pleads inappropriate causes of action and, in the amendments to the First Amended Complaint, purports to assert claims on behalf of nonexistent "Jane Doe" representative plaintiffs under the laws of many states, including some that do not even permit false-advertising class actions and others in which Plaintiff has identified no statute that provides a cause of action at all.

### I. Plaintiff's Allegations of Consumer Deception Are Implausible

#### A. Reasonable Consumers Are Not Misled to Believe that Bob Evans Mashed Potatoes Contain No Oils

1

Plaintiff's central contention is that a product that advertises itself as being "made with real butter" is implying that it contains no other oils or fats, because a reasonable consumer would never imagine that a processed, ready-to-eat food product might contain more than one type of oil or fat.  Put in those plain terms, Plaintiff's argument is facially implausible.  None of the rhetoric and diversions, either in the Complaint or in the opposition to this motion, repairs the inherent implausibility of this premise.

Much of Plaintiff's argument concerns the supposed classic rivalry between butter and margarine, which is irrelevant to this case.  Dkt. 10 ¶¶ 22, 23, 27, 29-49; Dkt. 14 at 7.  This is the only distinction Plaintiff can draw between this case and the line of cases holding that the advertised presence of one ingredient does not generally communicate the absence of any other ingredients.  Dkt. 14 at 6, citing *Manchouck v Mondeléz Intl., Inc.*, No. 13-CIV-02148, 2013 U.S. Dist. LEXIS 138877, at *7-9 (N.D. Cal. Sept. 26, 2013); *Henderson v. Gruma Corp.*, No. 10-CIV-4173, 2011 U.S. Dist. LEXIS 41077, at *33-34 (C.D. Cal. Apr. 11, 2011); *Red v. Kraft Foods, Inc.*, No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461, at *10-12 (C.D. Cal. Oct. 25, 2012).  According to Plaintiff, butter and margarine have long been locked in a special competitive struggle, and therefore a "made with butter" claim signals to consumers that the preferred butter, rather than the hated margarine, is present in the product.  Plaintiff's arguments were originally conceived by this plaintiff's counsel for other cases challenging products in which margarine, as well as butter, was present in the products.  *See*, *Berger v. MFI Holding Corp.*, No. 17-civ-6728 (E.D.N.Y. filed Nov. 17, 2017) (Complaint at ¶25).

Plaintiff's "rival ingredients" argument is nothing new; it is the standard argument in cases where the presence of one ingredient is alleged to imply the absence of others.  In *Manchouck*, 2013 U.S. Dist. LEXIS 138877, at *7-9 the plaintiff unsuccessfully contended that

2

whole, unprocessed fruits and mechanically processed fruit purées are similar rivals, and therefore that a "made with real fruit" claim is an implied "made without fruit purée" claim. Whatever the merits of this argument, it has no relevance to a product that does not contain margarine.

It is undisputed that there is no margarine in Bob Evans mashed potatoes. Instead, butter and vegetable oils are both in the product. So, after a historical account of the butter-margarine rivalry, concluding that margarine has a unique status as a competitor with butter, Plaintiff tries to equate vegetable oils with margarine. This is not plausible. Butter and margarine may, under some circumstances in home cooking, be seen as substitutes, but vegetable oils are not a substitute for butter. Many home baking recipes call for both butter and vegetable oils, as, despite both being fats, they have different properties and serve different purposes in a recipe. Households may exclusively prefer butter over margarine, but hardly any kitchen does not have vegetable oil, in addition to butter and/or margarine, in its pantry. These fats are seen as complementary, not as substitutes. The fact that margarine is derived from vegetable oils, as Plaintiff repeatedly points out in an attempt to adapt the anti-margarine argument used in prior cases, is no more relevant than the fact that butter is derived from milk. Milk is not butter, and oil is not margarine.

Faced with the fact that butter and vegetable oils are not traditional substitutes, Plaintiff must effectively argue that a "made with butter" claim is tantamount to a "made with butter and no other fats" claim. This would be implausible even in the context of a home-cooked product, and is doubly so in the case of a commercially prepared, packaged product. Consumers are aware that commercial packaged foods are not made using traditional recipes. They are formulated using available ingredients that meet the producer's desire for a product that satisfies

3

a broad cross-section of consumers, and that also meets the demands of quantity production, supermarket distribution, and cost considerations. Plaintiff's homely kitchen-table analogies do not reflect consumers' expectations of packaged commercial products such as Bob Evans mashed potatoes.

Thus we come back to the fact that the only relevant claim on Bob Evans mashed potatoes is "Made with real butter," a truthful claim that does not imply the absence of any other fat or ingredient. Plaintiff drastically over-interprets this claim and, as a result, the First Amended Complaint does not plausibly allege that the claim would mislead a reasonable consumer. *See Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-16 (E.D.N.Y. July 26, 2019); *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-cv-0704-LEK-DEP, 2018 U.S. Dist. LEXIS 64270, at *8-36 (N.D.N.Y. April 17, 2018); *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

  **B.**  **Plaintiff's Contentions Regarding Consumer Understanding of "Made with Fresh Potatoes" Have No Merit.**

All of the Plaintiff's other thrown-at-the-wall theories of why various other aspects of Bob Evans mashed potatoes are allegedly deceptive are even weaker than the core theory about butter. The next most prominent is Plaintiff's attack on the label claim, "Made with 100% fresh potatoes." There is no ambiguity in BEF Foods' label statement that Bob Evans mashed potatoes are "Made with fresh potatoes." The phrase "made with" makes it clear that the potatoes were fresh when used as an ingredient in the product. Plaintiff concedes that the mashed potatoes are not labeled "Fresh mashed potatoes." Dkt. 10 ¶ 73. Plaintiff also does not dispute that the literal meaning of the claim "made with fresh potatoes" is truthful, inasmuch as the potatoes used to

4

make Bob Evans mashed potatoes were not cooked or frozen prior to being used to make the product.

It is also undisputed that the final Bob Evans mashed potato product, as sold in stores, is no longer fresh. Plaintiff quotes the FDA's definition of "fresh" at 21 C.F.R. § 101.95 in its opposition: "the food is in its raw state and has not been frozen or subjected to any form of thermal processing or any other form of preservation." Dkt. 14 at 8. Under that definition, mashed potatoes, which are always cooked, are never fresh, as every reasonable consumer knows. A reasonable consumer knows that BEF Foods *cannot* intend to communicate that Bob Evans mashed potatoes are fresh at the point of purchase, because such a claim would be absurd. A plaintiff cannot plausibly allege that reasonable consumers interpret an advertising claim in such an unlikely way, rather than the literal and obvious interpretation.

Plaintiff alleges that fresh, "store-made" refrigerated mashed potatoes are available at some grocery stores "in close proximity" to Bob Evans mashed potatoes, using a different, colloquial definition of "fresh." Dkt. 14 at 9. This allegation is not plausible. Store-made prepared foods such as mashed potatoes typically are located in their own section, near the deli and buffet items, far away from nationally-branded, prepared commercial products. Any such product, being cooked, would be no more entitled to the descriptor "fresh potatoes" than Bob Evans mashed potatoes, under 21 C.F.R. § 101.95, cited by Plaintiff. Even if a grocer labeled such products "fresh," intending some other meaning such as "just prepared," it would be labeled "fresh mashed potatoes," not "made with fresh potatoes." And, of course, such products look very different from products such as Bob Evans mashed potatoes. Typically, they will be in a plain plastic tray with the store's generic pricing sticker on them. There is no potential for

5

confusion between recently store-made mashed potatoes and any nationally branded product, obviously made far off the store premises, in the refrigerator-stable section.

### C. Plaintiff Has No Basis to Allege the Presence of Butter Flavor

Plaintiff's assertion that there is undisclosed natural butter flavoring in Bob Evans mashed potatoes is wholly without basis and should be dismissed out of hand. The ingredient labeling for the mashed potatoes discloses that they contain "natural flavor." There is no indication on the labeling that the natural flavor simulates butter. Plaintiff alleges that "it is likely" that the natural flavor in the products is natural butter flavor. Dkt. 10 at ¶ 111. There is absolutely no basis for this allegation. It is not only speculative, but illogical. Of all the flavors that may be added to a prepared, seasoned mashed potato product, why would BEF Foods add butter flavor, when the product already contains butter? BEF Foods is aware that it cannot introduce factual information in opposing a pleading motion, and for this reason only, must limit itself to pointing out that neither Plaintiff's Complaint allegations nor its opposition brief provide any reason to believe that there is natural *butter* flavor in Bob Evans mashed potatoes. The rest of Plaintiffs' argument, and the entirety of Plaintiff's treatment of this subject in his opposition brief (Dkt. 14 at 9-11), simply assumes there is butter flavoring in the product and explains why Plaintiff believes it is not properly disclosed, and is therefore irrelevant.

### II. PLAINTIFF'S UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED

Plaintiff agrees with BEF Foods that an unjust enrichment claim is not available where it simply duplicates or replaces a contract or tort claim. But in arguing that Plaintiff's unjust enrichment claim should nevertheless survive because it is pled in the alternative and because "plaintiffs' consumer protection claims may not succeed, yet the unjust enrichment claim would

provide relief," Plaintiff fails to understand what "duplicative" means. Plaintiff's unjust enrichment claim is based on exactly the same facts and misconduct that Plaintiff alleges as a violation of N.Y. G.B.L. §§ 349-350, the other 49 states' consumer protection laws, and the various other causes of action. That is what makes the unjust enrichment claim duplicative. S*ee, e.g.*, *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, 338 (E.D.N.Y. 2018) (dismissing the unjust enrichment claim in a similar false-advertising case because "it merely duplicates plaintiffs other claims based on the same alleged misrepresentations"); *Price v. L'Oreal USA, Inc.*, No. 17 CIV. 0614, 2017 U.S. Dist. LEXIS 165931, at *13 (S.D.N.Y. Oct. 5, 2017) ("All of the claims in the Complaint are based on the same alleged misrepresentation by Defendants that the Products contain keratin.") To avoid dismissal, Plaintiff would have to plead some *other* misconduct by BEF Foods, different from the alleged deception that forms the basis of all of the other causes of action, by which Plaintiff would assert BEF Foods is unjustly enriched. Plaintiff has made no effort to do so.

### III. PLAINTIFF'S WARRANTY CLAIMS SHOULD BE DISMISSED

Plaintiff mixes express and implied warranty claims in its garbled response to BEF Foods' motion to dismiss the warranty counts.

Plaintiff cannot assert an express warranty claim because BEF Foods does not affirmatively represent that there is no vegetable oil in Bob Evans mashed potatoes, or that the finished mashed potato product is fresh, or any of the other claims Plaintiff challenges. All of Plaintiff's allegations concern allegedly implied labeling claims.

Therefore, Plaintiff can only assert an implied warranty claim. Contrary to Plaintiff's contentions, there is no ambiguity about the legal rule in New York that for an implied warranty claim, either privity or personal (as opposed to monetary) injury is required. It is undisputed that

7

Plaintiff Sarr and the class members in this case do not have privity with BEF Foods and assert only monetary injury.

The case law that Plaintiff cites in arguing that either privity or personal injury must be alleged in an implied warranty case is all case law on *express* warranty. The full sentence from *Weisblum* that Plaintiff quoted only the second half of, is: "*Defendants' arguments with respect to Weisblum's express warranty claims under New York law also fail, as* courts have held that a plaintiff need not be in privity with a defendant to bring such a claim based on misrepresentations contained in 'public advertising or sales literature.' *Prue v. Fiber Composites, LLC,* No. 11-CV-3304 (ERK)(LB), 2012 WL 1314114, at *9 (E.D.N.Y. Apr. 17, 2012)." *Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 295 (S.D.N.Y. 2015) (portion omitted by Plaintiff emphasized). Similarly, the court deciding the *Prue* case cited in *Weisblum* was considering an express warranty claim. The same is true of the court in *Randy Knitwear v. American Cyanamid Co.*, 11 N.Y.2d 5, 8 (1962), which was deciding "whether, under the facts disclosed, privity of contract is essential to maintenance of an action against a manufacturer for breach of express warranty." And the court in *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019) only discusses an express warranty claim. Plaintiff implicitly admits, through its parentheticals, that its citations to *Mahoney v. Endo Health Solutions, Inc.*, No. 15-cv-9841, 2016 WL 3951185 (S.D.N.Y. July 20, 2016), *Sitt v. Nature's Bounty, Inc.*, No. 15-cv-4199, 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016), and the Uniform Commercial Code all are limited to express warranties. Dkt. 14 at 14, 15.

None of this case law cited by Plaintiff is relevant to Plaintiff's warranty claim, which must be an implied warranty claim because Plaintiff has to spend much of its opposition brief arguing that BEF Foods' labeling says something other than what it expressly says. An implied

8

warranty claim requires the allegation of privity or else personal injury, and as Plaintiff has neither, it should be dismissed.

The warranty section of Plaintiff's opposition also contains a rebuttal to an argument that Plaintiff's warranty claims should be dismissed because of the lack of pre-suit notice. Dkt. 14 at 15-17. BEF Foods never made such an argument, so Plaintiff's rebuttal is perhaps copied from its counsel's brief in some other case. To the extent that Plaintiff raises this issue and its rebuttal is unconvincing, however, BEF Foods invites the Court to consider the lack of pre-suit notice as a further ground for dismissal of Plaintiff's warranty claims in addition to the foregoing.

### IV.    THE CONDUCT ALLEGED BY PLAINTIFFS DOES NOT RISE TO THE LEVEL OF FRAUD

As BEF Foods stated in its moving brief, Plaintiff fails to plead any of the elements of fraudulent misrepresentation with the specificity required by Fed. R. Civ. P. 9(b). The most deficient of these is surely the pleading of fraudulent intent. Plaintiff asserts, for example, that simply by placing "Made with real butter" on its labels, BEF Foods must have consciously intended that consumers be deceived into thinking that the products contained no vegetable oil – only to disclose in its ingredient statement that they *do* contain vegetable oil. As to this and all of the other alleged misrepresentations argued by Plaintiff, the tortured logic by which Plaintiff has to argue that they imply anything untrue at all defeats any allegation that BEF Foods consciously intended the deceptive message.

An example of the lengths of implausibility to which Plaintiff is prepared to go in pursuing its fraudulent-intent allegations is that Plaintiff charges BEF Foods with knowledge of another company's 2014 marketing document that Plaintiff found on the Internet. Plaintiff pleads selectively about this document to obscure its true nature, but does not quite succeed.

9

Dkt. 14 at 19-20. Plaintiff anticipates BEF Foods' objection to its false allegation that the document was "prepared by defendant's affiliate and parent company." This Court can take judicial notice of news articles and SEC filings stating that Michael Foods' parent company, Post Holdings, first announced plans to buy BEF Foods in September 2017, and completed the purchase in January 2018. *See* A. Gasparro & J.S. Lublin, *Post Holdings to Buy Bob Evans Packaged Food Business for $1.5 Billion*, WALL STREET J. (Sept. 17, 2019), *available at* https://www.wsj.com/articles/post-holdings-to-buy-bob-evans-packaged-food-business-for-1-5-billion-1505827289; Bob Evans Farms, Inc., Form 8-K (Jan. 12, 2018), available at https://www.sec.gov/Archives/edgar/data/33769/000119312518009424/d441070d8k.htm. Michael Foods has never been BEF Foods' parent, and the two became sister companies more than three years after the "2014" marketing study Plaintiff found, so there is no reason to imagine that BEF Foods ever saw it.

Moreover, as Plaintiff hints (Dkt. 14 at 19), the 2014 marketing study concerned a bulk potato product supplied to the restaurant trade, unlike any product BEF Foods makes, and the questions asked of consumers were in the context of food eaten at a restaurant. It provides no information about consumer perceptions of a store-bought product such as Bob Evans mashed potatoes, making it both irrelevant and still more speculative to allege that BEF Foods ever saw it. Finally, the only finding Plaintiff cites from the document is that "83% of consumers believe refrigerated potatoes are fresh," which Plaintiff calls "erroneous" even though Plaintiff affirmatively argued 11 pages earlier that refrigerated mashed potatoes can be fresh. Dkt. 14 at 9, 19-20. In sum, Plaintiff's "evidence" for scienter is that BEF Foods should have noticed a document about unrelated products by an unrelated company, somewhere on the Internet, whose alleged contents do not even support Plaintiff's theory of deception. This is not a plausible

10

allegation that BEF Foods intended anything by "Made with 100% fresh potatoes" other than "Made with 100% fresh potatoes." Plaintiff has made no plausible allegation of any intent to deceive.

### V. PLAINTIFFS' CLAIMS IN STATES OTHER THAN NEW YORK SHOULD BE DISMISSED

#### A. States with Materially Different Consumer Protection Laws

Plaintiff asserts that BEF Foods did not specify which states have materially different consumer protection laws than New York, but BEF Foods did exactly that. Dkt. 13-1 at 12. As BEF Foods noted, the court in *Allen v. Conagra Foods*, No. 3:13-cv-01269, 2019 U.S. Dist. LEXIS 122807 (N.D. Cal. Jul. 22, 2019), found that the relevant statutes in Alabama, Georgia, Mississippi, Montana, Ohio, and Virginia do not permit class actions. It is not clear whether Plaintiff is now withdrawing its claims as to those states (Dkt. 14 at 21), notwithstanding its Complaint allegation that Plaintiffs "assert causes of action under the consumer protection statutes of all 50 states." Dkt. 10 ¶ 163. Minnesota does not permit the recovery of monetary damages. Other state laws differ, as described in the *Allen* decision, on standards of individualized causation, reliance, and damages. U.S. Dist. LEXIS 122807. To maintain its cause of action in all fifty states, Plaintiff should at least allege that its allegations satisfy all of the elements of all of these statutes, which Plaintiff cannot, in good faith, do.

In nine states, Plaintiff identified no statute being violated at all. Plaintiff now calls this a "scrivenor's error," but there is no scrivenor involved in drafting a legal Complaint, and specifying what law the Defendant is charged violating is not a trivial omission. Given the diversity of state consumer protection statutes, there is no reason to assume that all nine of these

11

states even have statutes authorizing consumer class recovery for false advertising. Whether the Court grants leave to amend or not, the present Complaint is plainly inadequate.

### B. States from Which There Is No Plaintiff before the Court

Plaintiff does not address BEF Farms' argument that Plaintiff cannot maintain a cause of action in the 39 states in which its named "Jane Doe" plaintiff is a figment of its imagination, standing in for a real person that Plaintiff hopes to find some day. In this situation, there is no party before the Court with standing to assert claims under the laws of any of these 39 states. *See Stoltz v. Fage Dairy Processing Indus., S.A.*, 14-cv-3826 (MKB), 2015 U.S. Dist. LEXIS 126880, at *35 (E.D.N.Y. Sept. 22, 2015). This is more a question of jurisdiction than of class action practice, and can be decided by the Court at this juncture.

### CONCLUSION

For the foregoing reasons, BEF Foods respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint on all counts.

Dated: September 20, 2019                                      Respectfully submitted,

                                                               */s/ August T. Horvath*
                                                               August T. Horvath (AH 8776)
                                                               *ahorvath@foleyhoag.com*
                                                               Natasha N. Reed (NR 8761)
                                                               *nreed@foleyhoag.com*
                                                               Ellen Cheong (EC 3339)
                                                               *echeong@foleyhoag.com*

                                                               FOLEY HOAG LLP
                                                               1301 Sixth Avenue, 25th Floor
                                                               New York, New York 10019
                                                               Tel: (646) 927-5500
                                                               Fax (646) 927-5599

                                                               *Attorneys for Defendant BEF Foods, Inc.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 20th day of September 2019, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via ECF.

                */s/ August Horvath*
                August T. Horvath